UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

**WENDY MCCOY**   CIVIL ACTION NO.
274 Pratt Street
Fairfield, CT 06824

*Plaintiff,*

vs.

**ABBOTT LABORATORIES, INC.**, a Delaware corporation,
100 Abbott Park Road
Abbott Park, IL 60064-3500

**DART INDUSTRIES, INC.**, a Delaware corporation,
f/k/a **REXALL DRUG COMPANY**
c/o CT Corporation System
1200 S. Pine Island Road
Plantation, FL 33324

**KEY PHARMACEUTICALS, INC.**, a Florida corporation,
c/o CT Corporation System
1200 S. Pine Island Road
Plantation, FL 33324

**LANNETT COMPANY, INC.**, a Pennsylvania corporation,
c/o Samuel Gratz, CEO
9000 State Road
Philadelphia, PA 19136

**ELI LILLY AND COMPANY**, an Indiana corporation,
Lilly Corporate Center
307 East McCarty Street
Indianapolis, IN 46285

**MALLINCKRODT, INC.**, a Delaware corporation,
675 McDonnell Boulevard
St. Louis, MO 63042

**MERCK & COMPANY, INC.**, a New Jersey corporation
One Merck Drive
Whitehouse Station, NJ 08889-0100

**PREMO PHARMACEUTICAL LABORATORIES, INC.**,
a New Jersey corporation,
c/o Corporation Trust Co., as Registered Agent
820 Bear Tavern Road
West Trenton, NJ 08628

**SMITHKLINE BEECHAM CORPORATION**,
a Pennsylvania corporation, successor to
**THE S.E. MASSENGILL COMPANY** and
**BEECHAM, INC.**, and now known as
**GLAXO SMITHKLINE**
One Franklin Plaza
Philadelphia, PA 19102

**E. R. SQUIBB & SONS, L.L.C.**, a Delaware corporation,
f/k/a **E. R. SQUIBB & SONS, INC**.
Route 206 & Provinceline Road
Princeton, NJ 08540

**PHARMACIA & UPJOHN COMPANY**, a Delaware corporation,
f/k/a **THE UPJOHN COMPANY**
7000 Portage Road
Unit 8111-88-106
Kalamazoo, MI 49001-0102,

              *Defendants*.
_____

<u>**COMPLAINT AND DEMAND FOR JURY TRIAL**</u>
**(DES LITIGATION – PRODUCTS LIABILITY)**

       The Plaintiff, Wendy McCoy, sues the Defendants and alleges:

       1.     This is an action for damages in excess of $75,000, exclusive of interest and costs. The basis for this Court's jurisdiction is diversity of citizenship under 28 U.S.C. § 1332.

       2.     Plaintiff is a resident of the State of Connecticut.

       3.     At all times relevant to this action, all defendants were and are corporations

organized and existing under the laws of states other than Connecticut, with principal places of business in states other than Connecticut.

4.  Plaintiff was exposed to diethylstilbestrol (DES) *in utero* in the State of New York in 1962. Plaintiff was born on September 30, 1962, in the State of New York.

## FACTUAL ALLEGATIONS

5.  At all times material to Plaintiff's causes of action, these defendants were in the business of and did create, design, manufacture, test, formulate, advertise, market, promote, sell, distribute and assist others in doing one or more of the above with regard to the drug Diethylstilbestrol (DES).

6.  At all times hereinafter mentioned, the defendants were interested in the development of the drug known as DES and interested in obtaining the right to sell DES for consumption by humans.

7.  At all times hereinafter mentioned, the defendants and other drug companies formed a committee to obtain the approval from the FDA for the manufacture and distribution of DES and particularly for the use of DES in humans for use in prevention of miscarriages and accidents in pregnancy.

8.  During the period in and about 1940 and prior and subsequent thereto, these defendants aided and assisted each other and other drug companies in preparing the drug DES, which thereupon became a generic drug manufactured by them and by other drug companies. Defendants also assisted each other to exploit, market and secure permission from the FDA to publicly sell DES for ingestion by humans. Defendants knew and were aware or should have

known that the drug had not been sufficiently tested, that it had not been sufficiently tested upon humans, and that it lacked adequate warnings. Nevertheless, these defendants endeavored to obtain FDA approval of the drug in that form and otherwise assisted each other and other drug companies to bring DES to the market thereby enabling such others and themselves to market a drug involving harmful results to users and the offspring of users and aided and assisted other drug companies to do the same.

9. Defendants made certain claims and representations, which were contained in their supplemental New Drug Application, some of which were that the use of said DES in the prevention of miscarriages and accidents in pregnancy was both safe and efficacious.

10. Defendants made certain claims, which were distributed and circulated to the medical profession and to the general public through advertising, literature, detail, brochures and other materials stating that DES was a safe and efficacious drug for the treatment of accidents in pregnancy.

11. At the time, these defendants and other drug companies with whom they were cooperating and exchanging mutual assistance in order to bring DES to the market and secure approval thereof, knew or should have known that the DES and its components had a potential to become harmful to users and offspring of users and knew or should have known that the drug was ineffective for the purpose for which it was marketed and sold.

12. Upon information and belief, these defendants and the other persons and drug companies secured FDA approval, brought DES to the market where it was produced by these defendants and other drug companies with the same content and the same potential for harm,

distributed and marketed DES to the medical profession and the public so as to induce its use in the manner in which it was used by the Plaintiff's mother.

13. Upon information and belief, these defendants and the other drug companies misrepresented the risks inherent in the use of DES in their applications to the FDA and to other governmental persons and/or agencies.

14. Defendants, knew or should have known, of the abovementioned based upon the state of knowledge as it existed at that time and upon generally accepted engineering, medical and research standards and principles.

15. The drug used by Plaintiff's mother was a generic drug manufactured by the defendants and other pharmaceutical houses with whom they had cooperated and assisted as hereinbefore alleged, and the defendants, therefore, substantially caused a tortious result bringing injuries to the Plaintiff as a result of their substantial assistance to each other and other drug companies producing DES as alleged.

16. Defendants, their agents, servants and employees manufactured, produced, promoted, formulated, created or designed, and assisted with any of these activities with regard to DES without testing DES for use in pregnancy, without making proper and sufficient tests to determine the dangers and contraindications thereof and without warning the public and the medical profession of the dangers and contra-indications and side effects inherent in the aforesaid drug. The defendants also negligently advertised and recommended the use of DES without sufficient knowledge as to its dangerous propensities, represented that the said drug was safe for its intended purpose when, in fact it was unsafe, and failed to conduct sufficient

testing programs to determine whether or not the aforesaid drug was safe for use. Defendants herein knew or should have known that said drug was unsafe and unfit for use by reason of the dangerous effects, contraindications and dangers to a fetus during the pregnancy of its mother. Defendants improperly obtained the approval of the FDA to market the drug by misrepresenting the risks of the drug to the FDA, in knowing that it was a substance, which crossed the placental barrier and therefore could cause injury to a fetus *in utero*. Defendants failed to fulfill their obligations as drug manufacturers by not notifying Plaintiff herein of the precautions to be taken as soon as they knew or should have known of the relationship between DES and Plaintiff's serious injuries; and said defendants, their agents, servants and/or employees, were otherwise negligent.

17. Defendants, by their agents, servants and/or employees were careless and negligent in the manufacturing, selling, distribution, merchandising, advertising, promotion, compounding, packaging, fabrication, analyzing, marketing, and recommendation of said drug DES without making proper and sufficient tests to determine the dangers thereof all of which evinced a callous, reckless, wanton, oppressive, malicious, willful and depraved indifference to the health, safety and welfare of the Plaintiff.

18. Plaintiff was exposed to DES *in utero* in or about 1962. Plaintiff's mother, Winifred McCoy, ingested DES in New York, which was manufactured, fabricated, produced, marketed and distributed by defendants.

19. By reason of the foregoing, those exposed to DES have developed, or are at extremely high risk for experiencing certain cancers, infertility, ectopic pregnancies,

reproductive tract anomalies, pre-term deliveries, miscarriages including late term pregnancy losses, as well as other serious injuries.

20.  As a direct and proximate result of the foregoing, Plaintiff was caused to suffer severe, serious, and permanent personal injuries, including but not limited to, malfunction of her reproductive organs which resulted in infertility and substantial out-of-pocket expenses during her infertility evaluation and in the future in an effort to cure and correct her injuries; as well as other serious and permanent injuries, and has had and will require extensive hospitalizations, medical care, surgery and lifelong attention. As a result of the foregoing, Plaintiff will be incapacitated from her normal functioning and may be unable to pursue normal means of livelihood; will be precluded from having a normal life and a normal reproductive life, physically, intellectually, vocationally, emotionally or psychologically; and Plaintiff has been otherwise grossly damaged.

### AS AND FOR A FIRST CAUSE OF ACTION
### (NEGLIGENCE)

Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "20" inclusive, with the same force and effect as if hereinafter set forth at length.

21.  The negligence of the defendants, their agents, servants and employees included but was not limited to the following acts and omissions: manufacturing, producing, promoting, formulating, creating, and designing DES without testing it for use in pregnancy; selling DES without making proper and sufficient tests to determine the dangers and contra-indications thereof; failing adequately and correctly to warn the public and the medical profession of the

dangers and contra-indications and side-effects inherent in the aforesaid drug and failing to provide adequate instructions regarding safety precautions to be observed by users, handlers, and persons who would reasonably and foreseeably come into contact with said product; negligently advertising and recommending the use of the aforesaid drug without sufficient knowledge as to its dangerous propensities; negligently representing that the said drug was safe for use for its intended purpose when, in fact, it was unsafe; not conducting sufficient testing programs to determine whether or not the aforesaid drug was safe for use, in that defendants herein knew or should have known that said drug was unsafe and unfit for use by reason of the dangerous effects, contra-indications and dangers to a fetus during the pregnancy of its mother; and improperly obtaining the approval of the FDA to market the drug by misrepresenting the risks of the drug to the FDA; in knowing that it was a substance which cross the placental barrier and therefore could cause injury to a fetus *in utero*.

22.    As a direct and proximate result of the aforementioned negligence by defendants, Plaintiff was caused to suffer severe, serious, and permanent personal injuries, including but not limited to, malfunction of her reproductive organs which resulted in infertility and substantial out-of-pocket expenses during her infertility evaluation and in the future in an effort to cure and correct her injuries; as well as other serious and permanent injuries and has had and will require extensive hospitalizations, medical care, surgery and lifelong attention.

23.    As a result of the foregoing, Plaintiff will be incapacitated from her normal functioning and may be unable to pursue normal means of livelihood; will be precluded from having a normal life and a normal reproductive life, physically, intellectually, vocationally,

emotionally or psychologically; and Plaintiff has been otherwise grossly damaged.

24. By reason of the foregoing, defendants are liable to Plaintiff based on theories of alternative liability and market share liability, regardless of whether or not they manufactured the particular DES ingested by Plaintiff's mother, and whether or not Plaintiff proves which particular manufacturer produced the DES ingested by Plaintiff's mother, because of defendants' participation in the marketing, licensing, and distributing of the drug known as DES for pregnancy use.

25. By reason of the foregoing, Plaintiff has been damaged as against each defendant in the sum of $5,000,000.00 in compensatory damages and $5,000,000.00 in punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION
### (BREACH OF EXPRESS WARRANTY)

Plaintiff repeats, reiterates and realleges each and every allegation of this Complaint contained in paragraphs numbered "1" through "25" inclusive, with the same force and effect as if more fully set forth herein at length.

26. At all times herein mentioned, the defendants and each of them, manufactured, compounded, portrayed, distributed, recommended, merchandised, advertised, promoted, sold, purchased, prescribed and administered the aforesaid DES as hereinabove described and prior to the time that Plaintiff's mother and, thereby, Plaintiff used said product.

27. Defendants and each of them expressly represented and warranted to the users and their physicians that said drug DES was safe and fit for use for the purposes intended, that it was of mercantile quality and that it did not produce any side effects dangerous to life and

that it was adequately tested.

28.	That members of the medical community relied upon the representations and warranties of the defendants and relied upon the representations and warranties of the defendants and relied upon the representations and warranties for use and ingestion of said drug DES in prescribing, recommending and/or dispensing same.

29.	Defendants knew or should have known that, in fact, said representations and warranties were false, misleading and untrue in that said drug DES was not safe and fit for the use intended, was not of mercantile quality and, in fact did produce serious injuries to the user and the offspring of the user. Defendants were in breach of express warranties. Said defective product did proximately cause Plaintiff to sustain severe and grievous permanent injuries.

30.	As a result of the aforementioned breach of warranties and representations on the part of the defendants, Plaintiff has been damaged as against each defendant in the sum of $5,000,000.00 in compensatory damages and $5,000,000.00 in punitive damages.

**AS AND FOR A THIRD CAUSE OF ACTION**
(B<small>REACH OF</small> I<small>MPLIED</small> W<small>ARRANTY</small>)

Plaintiff repeats, reiterates and realleges each and every allegation of this Complaint contained in paragraphs numbered "1" through "30" inclusive, with the same force and effect as if more fully set forth herein.

31.	At all times herein mentioned, the defendants and each of them manufactured, compounded, portrayed, distributed, recommended, merchandised, advertised, promoted, sold, purchased, prescribed and administered the aforesaid DES as hereinabove described and prior to the time that Plaintiff's mother, and thereby, Plaintiff used said product. The defendants and

each of them impliedly represented and warranted to the users and their physicians that the aforementioned drug product, more particularly known as DES, was safe and of mercantile quality and fit for the ordinary purpose for which said product was to be used. Said representations and warranties aforementioned were false, misleading, and inaccurate in that said drug product DES, when put to the test of actual usage, ingestion and wear was and proved to be unsound and unsuitable for the purposes for which same was intended and utilized and was unsafe, dangerous, improper, and not of mercantile quality.

32.     As a result of the ingestion of the aforementioned drug DES by Plaintiff's mother during her pregnancy, said defective product did proximately cause Plaintiff to sustain severe and grievous permanent injuries.

33.     The defendants were in breach of implied warranties.

34.     By reason of the foregoing, Plaintiff has been damaged as against each defendant in the sum of $5,000,000.00 in compensatory damages and $5,000,000.00 in punitive damages.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (STRICT LIABILITY FOR PRODUCTS)

Plaintiff repeats, reiterates and realleges each and allegation contained in the paragraphs numbered "1" through "34" inclusive, with the same force and effect as if hereinafter set forth at length.

35.     Said drug product, more particularly known as DES, was expected to and did reach the usual consumers without substantial change in the condition in which it was produced, manufactured, sold, distributed and marketed by the defendants.

36. At those times, the said drug product DES, was in a defective condition which was dangerous to users, the general public and, in particular the Plaintiff herein.

37. Defendants, while regularly engaged in the business activities aforementioned, did design, develop, manufacture, produce, test, sell, market, and/or distribute a certain drug product, more particularly known as DES, which was ingested by Plaintiff's mother and by Plaintiff.

38. At all times herein mentioned, the said drug product DES was in a defective condition and unsafe and defendants, individually, jointly and severally, knew or had known that said product was defective and unsafe, especially when used as a miscarriage preventative.

39. Said drug product DES was inherently dangerous.

40. Said defects were a substantial factor in causing Plaintiff's injuries.

41. At the time of the occurrence and ingestion by Plaintiff's mother and Plaintiff, the said drug product, DES, was being used for the purposes and in a manner normally intended.

42. Neither Plaintiff nor her mother could, by the exercise of reasonable care, have discovered the defects herein mentioned and/or perceived their danger.

43. By reason of the foregoing, the defendants have become strictly liable in tort to the Plaintiff for the marketing of a defective product, which caused Plaintiff's injuries.

44. As a result of the ingestion of the aforesaid drug, DES, by Plaintiff's mother and Plaintiff during her pregnancy, Plaintiff has been caused severe and grievous permanent injuries.

45. By reason of the foregoing, defendants have become strictly liable in tort to the Plaintiff for the marketing of a defective product regardless of whether they marketed the particular pill taken by Plaintiff's mother.

46. By reason of the foregoing, Plaintiff has been damaged as against each defendant in the sum of $5,000,000.00 in compensatory damages and $5,000,000.00 in punitive damages.

### AS AND FOR A FIFTH CAUSE OF ACTION
### (FRAUDULENT MISREPRESENTATION)

Plaintiff repeats, reiterates and realleges each and every allegation of this Complaint contained in paragraphs numbered "1" through "46" inclusive, with the same force and effect as if more fully set forth herein at length.

47. Defendants falsely and fraudulently represented to the medical community and to the public in general that said drug DES was a drug that had been tested and found to be safe and effective for the prevention of miscarriages and other pregnancy related uses. The representations made by said defendants were, in fact, false.

48. When said representations were made by defendants, they knew those representations to be false, or willfully, wantonly and recklessly disregarded whether the representations were true, and that these representations were made by said defendants with the intent of defrauding and deceiving the public in general, and the medical community in particular, and with the intent of inducing the public in general, and the medical community in particular, to prescribe, dispense and purchase said drug DES for the prevention of miscarriages, all of which evinced a callous, reckless, willful, depraved indifference to the

health, safety and welfare of the Plaintiff herein.

49. At the time the aforesaid representations were made by the defendants and, at the time that Plaintiff's mother and Plaintiff ingested said drug DES, Plaintiff's mother and Plaintiff were ignorant of the falsity of said representations and reasonably believed them to be true. In reliance upon said representations, Plaintiff's mother was induced to and did take DES during her pregnancy with Plaintiff. Had Plaintiff's mother known of the actual dangers of the DES, she would not have ingested said drug, DES.

50. As a proximate result of defendants' fraudulent and deceitful conduct and representations, Plaintiff was caused to sustain the injuries and damages set forth herein. As a result of the fraudulent misrepresentations of the defendants set forth hereinabove, said defendants knew and were aware or should have known that the drug had been insufficiently tested, that it had not been tested or sufficiently tested upon humans, and lacked adequate warnings and these defendants cooperated with others to obtain FDA approval of the drug in that form and otherwise assisted other persons and drug companies to bring DES to the market thereby enabling such others and themselves to market a drug involving harmful results to users and the offspring of users thereby breaching their duty to such users and aiding and assisting other persons and drug companies marketing DES to do the same.

51. At this time, these defendants and other persons and drug companies with whom they were cooperating and exchanging mutual assistance in order to bring DES to the market and secure approval thereof, knew or should have known that DES, its components and in combination, had a potential to, could and would cause severe and grievous injury to the user

and to the offspring of the users of said product and that the drug was ineffective for the purpose for which it was marketed and sold and was inherently dangerous.

52. Defendants and other persons and drug companies, as a result of the mutual aid of each to the other and in combination, secured FDA approval, brought DES to the market where it was produced by these defendants and other drug companies with the same content and the same potential for harm, and these defendants and the other persons and drug companies with whom they conferred and assisted in promoting, advertising and marketing said drug acted fraudulently, wantonly and maliciously to the detriment of the Plaintiff.

53. As a result of the aforementioned, Plaintiff has been grossly damaged against each defendant in the sum of $5,000,000.00 in compensatory damages and $10,000,000.00 in punitive damages.

WHEREFORE, Plaintiff demands judgment against each defendant on each cause of action with interest together with the costs and disbursements of this action.

Dated: November 2, 2005.

Respectfully submitted,

PATRICIA MARTIN STANFORD, P.A.

*[signature]*
PATRICIA MARTIN STANFORD, ESQUIRE
DC Bar No. 471672
3609 Hendricks Avenue
Jacksonville, Florida 32207
904-346-4215   fax 904-346-4275
ATTORNEY FOR PLAINTIFF